**REID & HELLYER**
A Professional Corporation
DOUGLAS A. PLAZAK, State Bar No. 181709
SCOTT TALKOV, State Bar No. 264676
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415
Email: dplazak@rhlaw.com; stalkov@rhlaw.com

Attorneys for Creditor Jacqueline Inman

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) CASE NO. 6:14-bk-24715-WJ |
| | ) |
| Jennifer Marie Christiano | ) Chapter 13 |
| | ) |
| Debtor. | ) **OBJECTION TO CONFIRMATION OF** |
| | ) **PLAN; DECLARATION OF SCOTT** |
| | ) **TALKOV** |
| | ) [11 U.S.C. § 1325(a)(4), (6).] |
| | ) |
| | ) Confirmation Hearing: |
| | ) Date:        January 21, 2015 |
| | ) Time:        1:30 p.m. |
| | ) Courtroom:   304 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE,**

**OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR AND PARTIES IN INTEREST:**

Secured Creditor Jacqueline Inman hereby objects to confirmation on the following grounds:

**I.**

**INTRODUCTION**

Debtor filed this case one day before a foreclosure by the second trust deed holder on her

residence. This debt was issued in 2007, came due and payable in 2010 by its terms, was extended

with a reduced interest rate in 2011, the debtor missed every payment starting in April 2013, and

could not repay the balloon payment in 2014. As shown below, the case is infeasible because the

Debtor has simply incurred too much debt and has too little. Chapter 13 will not change these facts.

As such, confirmation should be denied and the case dismissed.

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**II.**

**PLAN IS INFEASIBLE**

This Court may confirm a plan if "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

**A.    Plan Proposes Inadequate Payment to Secured Creditor Inman**

Here, Schedules I and J tell the story: The Debtor is stretched beyond her means. Notably, Schedule I shows that the Debtor's proposed income is based on a contribution from her Son in the amount of $350. (Doc. 18, p. 19.) Schedule J shows monthly disposable income of $713.00 (Doc. 18, p. 22)- the precise amount of the plan payment that would be directed to Creditor Inman. (Doc. 17, p. 2.)

However, this plan payment miscalculates the monthly plan payment. Specifically, Debtor's Schedule A and D evidence that the second trust deed is fully secured. (Doc. 18, pp. 5, 10.) As such, Creditor Inman is entitled to interest at 10% under the terms of the note. 11 U.S.C. § 506(b). With $42,073.03 due and owing on the petition date, this brings the monthly payment to Creditor Inman of $893.93. (Decl. Talkov, ¶ 2.) Even with 3% trustee's fees, the plan payment would need to be $920.74, which amounts to $207.74 more than her plan payment.

As shown below, this is infeasible, as evidenced by her schedules, her defaults on the first and second trust deeds, and the lack of evidence that a third party (her son) will contribute $557.74 per month for 60 months.

**B.    Contrary to the Debtor's Representations to this Court, the Debt at Issue Was <u>Not</u> Accelerated, But Rather Came Due Four Years Before the Petition Date**

At 11:30 a.m. on December 17, 2014, Debtor and counsel for creditor appeared in this Court for a status conference. (Doc. 14.) At this hearing, Debtor represented that the original 2007 promissory note secured by a second deed of trust on her residence was a 30 year, fully-amortized mortgage. (Decl. Talkov, ¶ 3.) As such, Debtor set forth that the 2011 amendment to the note providing a lower interest rate was in consideration for the note becoming due and payable in 2014. (Decl. Talkov, ¶ 3.) Following these representations, this Court took the status conference off calendar and allowed the Debtor to proceed with her Chapter 13 filing. (Doc. 14.)

-2-

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  At 12:10 p.m. that same date, counsel for Creditor Inman emailed Debtor, attaching copies

2 of the two promissory notes. (Decl. Talkov, ¶ 4.) The email explains that the original 2007 note

3 called for payment to continue "until December 1, 2010 when the note shall become payable in

4 full." (*Id.*) The email asked the Debtor for "any information suggesting that this note was originally

5 a 30 year, fully amortized note . . . ." (*Id.*) No response was received from Debtor. (*Id.*)

6  This suggests that the Debtor is having trouble remembering how her financial issues came

7 about. Notably, there was no acceleration of any debt by Creditor Inman. Rather, there was an

8 agreement to reduce the payments and extent the term of the note. To the extent Debtor had

9 difficulty paying in 2010, 2011, 2013 and 2014, it is difficult to comprehend why this would change

10 from 2015 to 2019.

11  Debtor has had considerable time to obtain a new loan or sell her residence since a notice of

12 default was filed on July 28, 2014. (Decl. Talkov, ¶ 8.) To the extent neither is possible and Chapter

13 13 would simply prolong the inevitable, confirmation should be denied and the case should be

14 dismissed.

15 **C.    Debtor's Owed More than the Face Value of Her First Trust Deed**

16  Debtor's inability to pay her second trust deed is not unique. Indeed, Debtor's first trust

17 deed was in the principal sum of $154,000. (Decl. Talkov, ¶ 10.) However, the sum owed on the

18 petition date was $164,800.67. (Doc. 18, p. 10.) Ergo, missed payments, interest and/or fees have

19 accrued, thereby diminishing the second trust deed holder's position.

20 **D.    Debtor Provides No Evidence of Third Party Contributions**

21  Debtor's plan is based on third party contributions. However, there is no evidence that these

22 third parties have the ability or willingness to contribute to Debtor's Chapter 13 plan. On this basis

23 alone, confirmation should be denied and the case dismissed.

24 **III.**

25 **BEST INTERESTS OF CREDITORS IS DISMISSAL**

26  This Court may confirm a plan if it will result in a greater distribution to general unsecured

27 creditors than they would receive under Chapter 7. 11 U.S.C. § 1325(a)(4).

28  Here, the Debtor's plan proposes 0% payment to general unsecured creditors. (Doc. 17, p. 2,

-3-

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1    § 1(B).) Debtor's schedules contend that her residence is worth more than the debt secured thereby.

2    (Doc. 18, pp. 5, 10.) Debtor also shows only a few thousand dollars of general, unsecured debts

3    other than co-signed student loans for her children. Chapter 7 would provide little, if any, benefit to

4    these minimal unsecured creditors, instead resulting in payment of student loans of the debtor's

5    child or children [1] However, in comparing the plan to Chapter 7, the Debtor appears to have written

6    something (greater than zero), only to white out any information on those lines. (Doc. 17, p. 6, §

7    III.) Perhaps Debtor realized that accurately completing this section would result in dismissal.

8         Debtor's omission in comparing Chapter 7 should not change the result that the best

9    interests of creditors is dismissal.

10    **IV.**

11    **CONFIRMATION SHOULD BE DENIED AND THE CASE DISMISSED**

12         As this Court notes, "[t]he chapter 13 standing trustee in this division has

13    calculated that 92% of all chapter 13 cases fail (i.e., fail to result in a confirmed and fully

14    performed chapter 13 plan). The failure rate of 92% rises to nearly 100% for chapter 13 cases in

15    which the debtor is not represented by an attorney." (Doc. 13, p. 7, lns. 16-19.)

16         This case will not be one of the miniscule percentage of Chapter 13 cases that are fully

17    performed by an unrepresented Debtor. Rather, the Debtor's budget is stretched beyond its limits .

18    The Debtor has had ample time to obtain new financing, but apparently has been unable to find a

19    lender that is willing to incur the risks related thereto. Debtor has also had time to sell her residence,

20    but apparently had not found a willing buyer that will provide her with any equity the residence

21    may have. On this basis confirmation should be denied and the case dismissed.

22    DATED: January 5, 2015            REID & HELLYER
                             A PROFESSIONAL CORPORATION

23

24                               By:   /s/ Scott Talkov_____
                                 DOUGLAS A. PLAZAK

25                                     SCOTT TALKOV
                                 Attorneys for Creditor Jacqueline Inman

26    _____

27         [1] Contrary to the schedules, Creditor Inman's counsel is <u>not</u> a creditor, as any legal fees have
been paid by Creditor Inman and are due and owing under the secured trust deed owed to Creditor

28    Inman.

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

## DECLARATION OF SCOTT TALKOV

I, Scott Talkov, declare:

1.     I am an attorney duly licensed to practice in all of the courts of the State of California and am an associate of Reid & Hellyer, attorneys of record for Jacqueline Inman herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.     With $42,073.03 due and owing on the petition date, the monthly payment at 10% interest provided under the amended note would require a monthly payment to Creditor Inman or $893.93.

3.     I appeared at 11:30 a.m. on December 17, 2014, for a status conference before this court. At this hearing, Debtor represented that the original 2007 promissory note secured by a second deed of trust on her residence was a 30 year, fully-amortized mortgage. As such, Debtor set forth that the 2011 amendment to the note providing a lower interest rate was in consideration for the note becoming due and payable in 2014. In other words, Debtor asserted that her hardship was that Creditor Inman accelerated the payments to come due in 2014.

4.     At 12:10 p.m. that same date, I emailed Debtor, attaching copies of the two promissory notes. The email explains that the original 2007 note called for payment to continue "until December 1, 2010 when the note shall become payable in full." The email asked the Debtor for "any information suggesting that this note was originally a 30 year, fully amortized note . . . ." I received no response from Debtor.

5.     Attached as Exhibit A is a true and correct copy of the 2007 note and deed of trust.

6.     Attached as Exhibit B is a true and correct copy of the 2011 amendment to the note secured by deed of trust.

7.     Attached as Exhibit C is a true and correct copy of the payment spreadsheet that I drafted to calculate the amount owing on the Inman trust deed as of the petition date.

8.     Attached as Exhibit D is a true and correct copy of the notice of default dated July 28, 2014.

-5-

9.      Attached as Exhibit E is a true and correct copy of the notice of sale dated November 14, 2014.

10.     I have reviewed the first trust deed on Debtor's residence, which was in the principal sum of $154,000.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 5, 2015, at Riverside, California.

/s/ Scott Talkov
Scott Talkov

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

# Exhibit A

**DO NOT DESTROY THIS ORIGINAL NOTE: When paid, said original note, together with the Deed of Trust securing same, must be surrendered to Trustee for cancellation and retention before reconveyance will be made.**

## NOTE SECURED BY DEED OF TRUST
(INSTALLMENT NOTE -- INTEREST ONLY)

$ 30,000.00        Riverside , California,        Date: 4/16/07

In installments as herein stated, for value received, I/We jointly and severally, promise to pay to Samuel J. Inman, at a place designated by Payee in the State of Nevada the sum of THIRTY THOUSAND DOLLARS with interest from DEC. 1, 2007 on unpaid principal at the rate of 13% per annum; interest only payable in installments of THREE HUNDRED TWENTY-FIVE AND 00/100 DOLLARS ($325.00) on the first day of each month, beginning on the first day of JAN, 2008 and continuing until DECEMBER 1, 2010 when the note shall become payable in full. If default should occur the interest rate will increase to 18% per annum.

Monthly payments are to be made by the 1st of the month paid to Samuel J. Inman at 588 Sunrise Terrace, Fallon, NV. 89406. In the event any installment payment due under the terms of this note is not paid within 10 days after its scheduled due date, the payor agrees to pay to the holder hereof a late payment charge of 10.000% of the installment ($32.50). If a late payment charge is not paid within 20 days after being incurred, it shall be added to the principal and bear like interest. If monthly payment is not received within 30 days, this note will be in default.

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest thereon, or shall be divested of their title or any interest therein, in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable. Consent to one such transaction shall not be deemed to be a waiver of the right to require such consent to future successive transactions.

This note is subject to Section 2966 of the Civil Code, which provides that the holder of this note shall give written notice to the trustor, or his successor in interest, of prescribed information at least 90 days and not more than 150 days before any balloon payment is due.

Privilege is reserved of paying the unpaid principal balance and accrued interest of this note on any payment date after 180 days. A pre-payment penalty of 6 months simple interest shall be assessed for early termination.

Each payment shall be credited to interest. Should default be made in payment of any installment when due the whole sum of principal and interest shall become immediately due at the option of the holder of this note. Interest after default shall continue at the rate stated above, unless otherwise provided in writing above this paragraph. Principal and interest payable in lawful money of the United States. If legal action is instituted on this note I/we promise to pay the Lenders attorney's fees. This note is secured by DEED OF TRUST to _____ Title Company, Inc., a California corporation, as Trustee.

_Jennifer Christiano_
Jennifer Christiano

**DO NOT DESTROY THIS NOTE**

# **Exhibit B**

DOC # 2007-0706368
01/20/2007 08:00A Fee:25.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

3020500

**RECORDING REQUESTED BY**
Commerce Title Company

**AND WHEN RECORDED MAIL TO:**
Sam Inman
588 Sunrise Terrace
Fallon, NV 89406

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|------|------|
|   |   |   | 4 |  |  |  |  |  |  |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |  |  | T: |  | CTY | UNI | 049 |

25-

A.P.N.: **251-083-010**        T.R.A. No. **009-002**        File No.: **3020500 (MZ)**

## DEED OF TRUST AND ASSIGNMENT OF RENTS
### (Short Form)

T
049

THIS DEED OF TRUST, made this **Sixteenth day of November, 2007,** between

TRUSTOR: **Jennifer Christiano, a single woman**

whose address is **3085 Flanders Road, Riverside, CA 92507,**

TRUSTEE: **Commerce Title,**

and BENEFICIARY: **Sam Inman**

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of **Riverside, Riverside** County, State of **California**, described as:

**Lot 139 of University Highlands Unit No. 1, as per Map recorded in Book 31, Pages 38-39 of maps, in the office of the county recorded of said county.**

If the Trustor/Grantor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions, incorporated by reference, to collect and apply such rents, issues and profits.
FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor, incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one Promissory Note of even date herewith, and any extension or renewal thereof, in the principal sum of **$30,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record Owner of said property hereafter may borrow from Beneficiary, when evidenced by another Note (or Notes) reciting it is so secured.
TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the Note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County on October 18, 1961, and in all other counties on October 23, 1961, in the book and page of the Official Records in the office of the county recorder of the county where said property is located, noted below and opposite the name of such county, viz:

A.P.N. **251-083-010**

Deed of Trust
and Assignment of Rents (Short Form) - continued

November 16, 2007
File No.: 3020500 (MZ)

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Merced | 1547 | 538 | San Benito | 271 | 383 | Siskiyou | 468 | 181 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Modoc | 184 | 851 | San Bernadino | 5567 | 61 | Solano | 1105 | 182 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Mono | 52 | 429 | San Francisco | A332 | 905 | Sonoma | 1851 | 689 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Monterey | 2194 | 538 | San Joaquin | 2470 | 311 | Stanislaus | 1715 | 456 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Napa | 639 | 86 | San Luis Obispo | 1151 | 12 | Sutter | 572 | 297 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Nevada | 305 | 320 | San Mateo | 4078 | 420 | Tehama | 401 | 289 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Orange | 5889 | 611 | Santa Barbara | 1878 | 860 | Trinity | 93 | 366 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Placer | 895 | 301 | Santa Clara | 5336 | 01 | Tulare | 2294 | 275 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Plumas | 151 | 5 | Santa Cruz | 1431 | 494 | Tuolumne | 135 | 47 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Riverside | 3005 | 523 | Shasta | 684 | 528 | Ventura | 2062 | 386 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | Sacramento | 4331 | 62 | Sierra | 29 | 335 | Yolo | 653 | 245 |
| Humboldt | 657 | 527 | | | | San Diego Series 2 Book 1961, Page 183887 | | | | | | Yuba | 334 | 486 |

(which provisions, identical in all counties, are printed on page 3 of this document) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale be mailed to Trustor at Trustor's address hereinbefore set forth, or if none shown, to Trustor at property address.

**NOTICE: A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THIS RECORDED REQUEST. IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.**

*Signature of Trustor(s)*

Dated:  November 16, 2007

*Jennifer Christiano*
Jennifer Christiano

STATE OF  CALIFORNIA                    }
                                        }ss.
COUNTY OF  RIVERSIDE                    }

On  11/16/07                , before  me,  STEVE C. Gronlund  NOTARY PUBLIC
personally  appeared  Jennifer Christiano                  , personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*This area for official notarial seal*

Signature  *Steve C. Gronlund*

My Commission Expires:  2/3/09

STEVE C. GRONLUND
Comm. #1549633
NOTARY PUBLIC-CALIFORNIA
Riverside County
My Comm. Expires Feb. 3, 2009

A.P.N. **251-083-010**

Deed of Trust
and Assignment of Rents (Short Form) - continued

**November 16, 2007**
File No.: **3020500 (MZ)**

## DO NOT RECORD

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon, and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate called for in the note secured hereby, or at the amount allowed by law at date of expenditure, whichever is greater, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in this same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee is such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said Note and this Deed of Trust (unless directed in such request to retain them.)

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorneys' fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, said Note(s) and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the persons or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties, must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

(13) That this Deed of Trust applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so required, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be party unless brought by Trustee.

A.P.N. **251-083-010**

Deed of Trust
and Assignment of Rents (Short Form) - continued

**November 16, 2007**
File No.: **3020500 (MZ)**

------------------------------------------------------------DO NOT RECORD------------------------------------------------------------
## REQUEST FOR FULL RECONVEYANCE
*To be used only when note has been paid.*

To: **Commerce Title Company, Trustee**

Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_____    _____

_____    _____

_____    By_____

_____    By_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

## Short Form
## DEED OF TRUST
WITH POWER OF SALE
INDIVIDUAL

## Commerce Title Company

**<u>Exhibit C</u>**

**Amendment No. 1**
**("Amendment")**
**To**
**NOTE SECURED BY DEED OF TRUST**
**(INSTALLMENT NOTE – INTEREST ONLY)**
**as amended or agreed to by the parties**
**("Agreement")**

Jacqueline Inman ("Payee") and Jennifer Christiano ("Payor") hereby agree, by way of this Amendment; effective upon execution by both parties ("Effective Date") to amend the Agreement between the Parties ("Payee" and "Payor") dated April 16, 2007 as follows:

Upon the Effective Date of this Amendment:

1) The Payor agrees and understands that, starting on the Effective Date, the new Payee shall be Jacqueline Inman with an address at 588 Sunrise Terrace, Fallon, NV 89406 and;

2) the new interest only loan amount will be Thirty Thousand Six Hundred Fifty Dollars, ($30,650.00) and;

3) the new interest rate will be Ten Percent, (10%) for the term of this Agreement and;

4) the new interest only monthly payment will be Two Hundred Fifty Five Dollars and 42 Cents, ($255.42) ("Payment") due and payable on the first day of each month starting May 1, 2011 and continuing until May 1, 2014 when the note shall become payable in full and;

5) the new Term of this Agreement shall be from May 1, 2011 through May 1, 2014 ("Term") and

6) the Parties agree that the late payment charge shall remain at Ten Percent (10%) of the installment for a total of Twenty Five Dollars and Fifty Cents. ($25.50).

Except as set forth herein, all other terms and conditions of the Agreement remain unchanged and in full force and effect.

ACCEPTED AND AGREED TO BY:

Jacqueline Inman                                    Jennifer Christiano

By _Jacqueline Inman_ 4/21/11          By: _Jennifer Christiano_ 04/25/11
         Date                                                        Date

# Christiano Note as of Petition Date (12/08/2014)

| Loan Information | |
|---|---|
| Loan Amount | $    30,650 |
| Note Dated | 4/16/2007 |
| Note Amendment No. 1 | 4/25/2011 |
| Annual Interest Rate | 10.00% |
| Compound Period | Monthly |
| Monthly Interest Rate | 0.833% |
| Term (Length) of Loan | 3.08333 yrs |
| First Payment Date | 5/1/2011 |
| Payment Frequency | Monthly |
| Payment Type | Beginning of Period |
| Balloon Payment Per Loan | 5/1/14 |
| Ballon Payment Notice Mailed | 8/8/14 |
| Balloon Payment Per Notice | 11/14/14 |
| Monthly Interest Only Payment | $255.42 |

| No. | Description | Due Date | Payment Due | Payment Received | Late Payment Fee | Interest Rate | Interest | Principal | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | $ 30,650.00 | $ 30,650.00 |
| 1 | Monthly Payment | 5/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 2 | Monthly Payment | 6/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 3 | Monthly Payment | 7/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 4 | Monthly Payment | 8/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 5 | Monthly Payment | 9/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 6 | Monthly Payment | 10/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 7 | Monthly Payment | 11/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 8 | Monthly Payment | 12/1/11 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 9 | Monthly Payment | 1/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 10 | Monthly Payment | 2/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 11 | Monthly Payment | 3/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 12 | Monthly Payment | 4/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 13 | Monthly Payment | 5/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 14 | Monthly Payment | 6/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 15 | Monthly Payment | 7/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 16 | Monthly Payment | 8/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 17 | Monthly Payment | 9/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 18 | Monthly Payment | 10/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 19 | Monthly Payment | 11/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 20 | Monthly Payment | 12/1/12 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 21 | Monthly Payment | 1/1/13 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 22 | Monthly Payment | 2/1/13 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 23 | Monthly Payment | 3/1/13 | $ 255.42 | $ 255.42 | | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,650.00 |
| 24 | Monthly Payment | 4/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 30,930.91 |
| 25 | Monthly Payment | 5/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 31,211.83 |
| 26 | Monthly Payment | 6/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 31,492.75 |
| 27 | Monthly Payment | 7/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 31,773.66 |
| 28 | Monthly Payment | 8/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 32,054.58 |
| 29 | Monthly Payment | 9/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 32,335.50 |
| 30 | Monthly Payment | 10/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 32,616.41 |
| 31 | Monthly Payment | 11/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 32,897.33 |
| 32 | Monthly Payment | 12/1/13 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 33,178.25 |
| 33 | Monthly Payment | 1/1/14 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 33,459.16 |
| 34 | Monthly Payment | 2/1/14 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 33,740.08 |
| 35 | Monthly Payment | 3/1/14 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 34,021.00 |
| 36 | Monthly Payment | 4/1/14 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 34,301.91 |
| 37 | Monthly Payment | 5/1/14 | $ 255.42 | $    - | $ 25.50 | 0.833% | $ 255.42 | $ 30,650.00 | $ 34,582.83 |
| 38 | Balloon Payment | 5/1/14 | $30,650.00 | $    - | | | | $ 30,650.00 | $ 34,582.83 |

| Description | Start Date | End Date | Years of Missed Interest | Annual Interest Rate | | Principal | Total |
|---|---|---|---|---|---|---|---|
| Missed Interest | 3/1/13 | 12/8/14 | 1.7726 | 10.00% | | $ 30,650.00 | $   5,433.03 |
| **Principal and Interest** | | | | | | | **$  36,083.03** |

**Loan Summary**

| | | | | |
|---|---|---|---|---|
| Date of Calculation | | 12/8/2014 | | |
| Principal Balance | $ | 30,650.00 | | |
| Interest Rate | | 10.00% | | |
| Per Diem | $ | 8.40 | | |
| Interest From | | 3/1/13 To | 12/8/14 Is | $ 5,433.03 |
| | | | | |
| First Delinquent Installment | | 4/1/13 | | |
| Total Late Charges | $ | 357.00 | | |
| Attorney Fees | $ | 3,510.00 | | |
| Total Advances | None | | | |
| Rents Collected | None | | | |
| TD Service Fees Nov. 2014 | | 1033 | | |
| TD Service Fees Jul 2014 | | 1090 | | |
| Total | $ | 42,073.03 | | |

# **Exhibit D**

DOC #2014-0282420
07/28/2014 02:18 PM Fees: $31.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

and when recorded mail to
T.D. SERVICE COMPANY
4000 W. METROPOLITAN DRIVE
SUITE 400
ORANGE, CA  92868

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MABRERA

 140141558 SPACE ABOVE THIS LINE FOR RECORDERS USE _____

T.S. No: D545205 CA    Unit Code: D    Loan No:CHRISTIANO
Property Address: 3085 FLANDERS ROAD, RIVERSIDE, CA  92507

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## "IMPORTANT NOTICE"



ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED
SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good
standing by paying all of your past due payments plus permitted costs and expenses within the
time permitted by law for reinstatement of your account, which is normally five business days
prior to the date set for the sale of your property.  No sale date may be set until approximately
90 days from the date this notice of default may be recorded (which date of recordation
appears on this notice).  This amount is $5,427.88, As of August 1, 2014 and will increase
until your account becomes current.  While your property is in foreclosure, you still must pay
other obligations (such as insurance and taxes) required by your note and deed of trust or
mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide
insurance on the property, or pay other obligations as required in the note and deed of trust or
mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your
account in good standing.  In addition, the beneficiary or mortgagee may require as a
condition to reinstatement that you provide reliable written evidence that you paid all senior
liens, property taxes, and hazard insurance premiums.
Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at
the time payment is made. However, you and your beneficiary or mortgagee may mutually
agree in writing prior to the time the notice of sale is posted (which may not be earlier than
three months after this notice of default is recorded) to, among other things, (1) provide
additional time in which to cure the default by transfer of the property or otherwise;  or (2)
establish a schedule of payments in order to cure your default; or both (1) and (2).

Page 2
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

T.S. No: D545205 CA      Unit Code: D      Loan No: CHRISTIANO

Following the expiration of the time period referred to in the first paragraph of this notice,
unless the obligation being foreclosed upon or a separate written agreement between you and
your creditor permits a longer period, you have only the legal right to stop the sale of your
property by paying the entire amount demanded by your creditor.
To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if
your property is in foreclosure for any other reason, contact:

JACQUELINE D. INMAN
As Beneficiary,
Scott Talkov
Reid & Hellyer
3880 Lemon St., 5th Floor
Riverside, CA 92502-1300
(951) 682-1771

If you have any questions, you should contact a lawyer or the government agency which may
have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you
may offer your property for sale, provided the sale is concluded prior to the conclusion of the
foreclosure.  Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO
NOT TAKE PROMPT ACTION**
NOTICE IS HEREBY GIVEN THAT  T.D. SERVICE COMPANY is either the original
Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or
Beneficiary under the following described Deed of Trust:

**Trustor**: JENNIFER CHRISTIANO

Recorded November 20, 2007  as Instr. No.  2007-0706368  in Book --- Page --- of
Official Records in the office of the Recorder of RIVERSIDE County, CALIFORNIA

Said Deed of Trust secures certain obligations including one Note for the sum of **$30,000.00**
AMENDED NOTE WITH AN EFFECTIVE DATE OF 05/01/2014

That the Beneficial interest under such Deed of Trust and the obligations secured thereby are
presently held by the Beneficiary; That a breach of, and default in, the obligations for which
such Deed of Trust is security has occurred in that payment has not been made of:
**THE INSTALLMENT OF INTEREST WHICH BECAME DUE APRIL 1, 2013 AND
ALL SUBSEQUENT INSTALLMENTS OF INTEREST.  PLUS LATE CHARGE(S).**

That by reason thereof, the present Beneficiary under such Deed of Trust has executed and
delivered to said duly appointed Trustee, a written Declaration of Default and Demand for
Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all
documents evidencing obligations secured thereby, and has declared and does hereby declare
all sums secured thereby immediately due and payable and has elected and does hereby elect
to cause the trust property to be sold to satisfy the obligations secured thereby.
Current Beneficiary
DATED: _____7/24/14_____

BY _Jacqueline D. Inman_
JACQUELINE D. INMAN

The Beneficiary may be attempting to collect a debt and any information obtained may be
used for that purpose.

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.55(c)

Borrower(s): **JENNIFER CHRISTIANO**
Mortgage Servicer: **Reid & Hellyer**
Property Address: **3085 FLANDERS ROAD, RIVERSIDE, CA  92507**
Loan No.: **CHRISTIANO**
T.S. No.: **D545205 CA**

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ____ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ____ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Despite the exercise of due diligence the mortgage servicer has been unable to contact the borrower. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ____ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code Section § 2920.5.

4. ✓ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in California Civil Code § 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: ___7/24/14___

Jacqueline D. Inman, Beneficiary
By: _Jacqueline D. Inman_

By: _Jacqueline D. Inman, Beneficiary_
Name and title typed or printed

LTRDECM2

# **Exhibit E**

DOC #2014-0437358
11/14/2014 02:20 PM Fees: $28.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

And when recorded mail to
T.D. SERVICE COMPANY
4000 W. METROPOLITAN DRIVE
SUITE 400
ORANGE , CA 92868

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MGREGSTON

_____ Space above this line for recorder's use _____

T.S. No: D545205 CA    Unit Code: D    Loan No: CHRISTIANO
AP #1: 251-083-010-0

## NOTICE OF TRUSTEE'S SALE

 

<u>ATTENTION RECORDER:</u> THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY.

### NOTE: THERE IS A SUMMARY OF THE  INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG  BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

T.D. SERVICE COMPANY, as duly appointed Trustee under the following described Deed of Trust WILL
SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (in the forms which are lawful tender
in the United States) and/or the cashier's, certified or other checks specified in Civil Code Section 2924h
(payable in full at the time of sale to T.D. Service Company) all right, title and interest conveyed to and now
held by it under said Deed of Trust in the property hereinafter described:

Trustor: JENNIFER CHRISTIANO

Recorded  November 20, 2007 as Instr. No.  2007-0706368 in Book  --- Page --- of Official Records in the
office of the Recorder of  RIVERSIDE  County; CALIFORNIA , pursuant to the Notice of Default and Election
to Sell thereunder recorded July 28, 2014 as Instr. No.  2014-0282420 in Book  --- Page --- of Official
Records in the office of the Recorder of  RIVERSIDE  County CALIFORNIA.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED NOVEMBER 16, 2007.  UNLESS YOU
TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU
NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.

3085 FLANDERS ROAD, RIVERSIDE, CA  92507
"(If a street address or common designation of property is shown above, no warranty is given as to its
completeness or correctness)."

Said Sale of property will be made in "as is" condition without covenant or warranty, express or implied,
regarding title possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said
Deed of Trust, with interest as in said note provided, advances, if any, under the terms of said Deed of Trust,
fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Page 2
T.S. No: D545205 CA    Unit Code: D    Loan No: CHRISTIANO

Said sale will be held on:
**DECEMBER 9, 2014, AT 3:00 P.M. *IN FRONT OF THE BUILDING NEAR THE FLAG
POLES,(NORTHEAST CORNER OF WEST SIXTH STREET AND SOUTH BUENA VISTA AVENUE)
849 WEST SIXTH STREET, CORONA, CA 92882**

At the time of the initial publication of this notice, the total amount of the unpaid balance of the obligation
secured by the above described Deed of Trust and estimated costs, expenses, and advances is $39,789.31. It is
possible that at the time of sale the opening bid may be less than the total indebtedness due.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should
understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the
property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear
ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If
you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien
being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the
existence, priority, and size of outstanding liens that may exist on this property by contacting the county
recorder's office or a title insurance company, either of which may charge you a fee for this information. If you
consult either of these resources, you should be aware that the same lender may hold more than one mortgage or
deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more
times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code.
The law requires that information about trustee sale postponements be made available to you and to the public,
as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed,
and, if applicable, the rescheduled time and date for the sale of this property, you may call (888) 988-6736 or
visit this Internet Web site: salestrack.tdsf.com, using the file number assigned to this case D545205 D.
Information about postponements that are very short in duration or that occur close in time to the scheduled sale
may not immediately be reflected in the telephone information or on the Internet Web site. The best way to
verify postponement information is to attend the scheduled sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be
the return of monies paid to the Trustee and the successful bidder shall have no further recourse. If the sale is set
aside for any reason, the Purchaser at the sale shall be entitled only to a return of the monies paid. The
Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.
Date: November 13, 2014

T.D. SERVICE COMPANY as said Trustee

BY
CRYSTAL ESPINOZA, ASSISTANT SECRETARY
T.D. SERVICE COMPANY
4000 W. Metropolitan Drive, Suite 400, Orange, CA 92868-0000
(714) 543-8372

The Beneficiary may be attempting to collect a debt and any information obtained may be used for that purpose.

If available, the expected opening bid and/or postponement information may be obtained by calling the
following telephone number on the day before the sale: (888) 988-6736 or you may access sales information at
salestrack.tdsf.com,

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3880 Lemon Street, 5th Floor, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF PLAN; DECLARATION OF SCOTT TALKOV** [11 U.S.C. § 1325(a)(4), (6).] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/05/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rod (WJ) Danielson (TR)     notice-efile@rodan13.com
- Scott Talkov     stalkov@rhlaw.com
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
- Kristin A Zilberstein     bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com

**2.  SERVED BY UNITED STATES MAIL**:
On 01/05/2015,  I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor:

　　　　Jennifer Marie Christiano
　　　　3085 Flanders Road
　　　　Riverside, CA 92507

Honorable Wayne Johnson
United States Bankruptcy Judge
3420 Twelfth Street
Riverside, CA 92501

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/05/2015 | Wendy M. Patrick | /s/ Wendy M. Patrick |
|------------|------------------|----------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**